Edwin Roberto MAZARIEGOS–
MONTERROSO,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–70303.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 13, 2013.

Kaye A.Y. Evans, Esquire, Beverly Hills, CA, for Petitioner.

Oil, Lindsay Williams Zimliki, David V. Bernal, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Edwin Roberto Mazariegos–Monterroso, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Conven-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009), and we review de novo claims of due process violations, *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620 (9th Cir.2006). We deny the petition for review.

Substantial evidence supports the agency's finding that Mazariegos–Monterroso failed to establish he suffered past persecution on account of a protected ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because he did not establish past persecution, Mazariegos–Monterroso is not eligible for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Further, substantial evidence supports the agency's finding that Mazariegos–Monterroso failed to establish a well-founded fear of future persecution. *See Halim v. Holder,* 590 F.3d 971, 977 (9th Cir.2009) (petitioner "failed to make a compelling showing of the requisite objective argument of a well-founded fear"); *Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96 (9th Cir.2002) (petitioner failed to demonstrate a reasonable fear of future persecution). Accordingly, his asylum claim fails.

Because Mazariegos–Monterroso did not establish his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1180 (9th Cir.2004).

Substantial evidence also supports the agency's denial of CAT protection because Mazariegos–Monterroso failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government upon return. *See Soriano v. Holder,* 569 F.3d 1162, 1167 (9th Cir.2009).

We do not reach Mazariegos–Monterroso's voluntary departure arguments because they were raised for the first time in his reply brief. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996) (per curiam).

Finally, we reject Mazariegos–Monterroso's due process contentions. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**